**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000022
29-SEP-2025
08:36 AM
Dkt. 102 SO**

NO. CAAP-24-0000022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RYAN ROMAN-PETER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-20-0001111)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and McCullen and Guidry, JJ.)

Defendant-Appellant Ryan Roman-Peter (**Roman-Peter**) appeals from the Judgment of Conviction and Sentence (**Judgment**) entered on December 15, 2023, in the Circuit Court of the First Circuit.[1/] Roman-Peter also challenges the Circuit Court's December 27, 2023 "Findings of Fact, Conclusions of Law, and Order Denying [Roman-Peter's] Motion for Judgment of Acquittal, or in the Alternative, New Trial" (**FOFs/COLs**).

On August 20, 2020, Roman-Peter allegedly brandished a gun and fired a shot at complainants Maung Zaw (**Zaw**) and Brianna Joyner (**Joyner**), while Roman-Peter was driving a black Dodge Ram pickup truck at high speed on the H-2 freeway, chasing a gray Ford Mustang driven by Zaw and occupied by Joyner. On September 29, 2020, Roman-Peter was charged by Complaint with the following:

- Attempted Murder in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500, 707-

---

[1/]     The Honorable Rowena A. Somerville presided.

701(1)(a), and 706-656 (Count 1, where the complainants were Zaw and Joyner);

- two counts of Attempted Murder in the Second Degree, in violation of HRS §§ 705-500, 707-701.5, and 706-656 (Counts 2 and 3, where the complainants were Zaw and Joyner, respectively);

- three counts of Carrying or Use of Firearm in the Commission of a Separate Felony, in violation of HRS § 134-21 (Counts 4, 5, and 6 relating to Counts 1, 2, and 3, respectively);

- Terroristic Threatening in the First Degree, in violation of HRS § 707-716(1)(e) (Count 7, where the complainant was Joyner); and

- Place to Keep Pistol or Revolver, in violation of HRS § 134-25 (Count 8).

On May 6, 2022, a jury acquitted Roman-Peter of Count 1 and the related Count 4. As to Counts 2 and 3, the jury found Roman-Peter guilty of the included offenses of Attempted Assault in the First Degree, in violation of HRS §§ 705-500 and 707-710.[2]

---

[2] HRS § 707-710(1) (2014) states: "A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person."

HRS § 705-500 (2014) states, in relevant part:

(1) A person is guilty of an attempt to commit a crime if the person:

. . . .

(b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

The jury found Roman-Peter guilty as charged of Counts 5, 6, 7, and 8.

On appeal, Roman-Peter contends that the Circuit Court erred in denying his May 17, 2022 motion for judgment of acquittal or, in the alternative, for new trial (**Motion for Judgment of Acquittal**).[3/]  In support of this contention, Roman-Peter argues that:  (1) the jury's verdicts on Counts 2 and 3 are inconsistent with its verdict on Count 1;[4/] (2) the Circuit Court erred in allowing Officer Franchot Termeteet (**Officer Termeteet**) to testify "as to post-incident observations of the truck" allegedly driven by Roman-Peter; (3) the Circuit Court erred in instructing the jury on the included offenses of Attempted Assault in the First Degree for Counts 2 and 3; (4) the Circuit Court erred in failing to instruct the jury on merger as to the firearms offenses in Counts 5, 6, and 8; and (5) the Circuit Court erred in denying Roman-Peter's motion to strike allegedly improper and misleading comments in the deputy prosecuting attorney's (**DPA**) closing argument.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Roman-Peter's contentions as follows, and affirm.

(1)  Roman-Peter contends that the Circuit Court erred in denying his Motion for Judgment of Acquittal, because the jury's acquitting him of attempted murder in the first degree in Count 1 was inconsistent with the jury's finding him guilty of the included offenses of attempted assault in the first degree in Counts 2 and 3.

We review a ruling on a motion for judgment of acquittal by applying the same standard as the trial court, namely, "whether, upon the evidence viewed in the light most

---

[3/]     In addition, Roman-Peter summarily challenges COLs 5-6, 12-16, and 18-19, but presents no specific argument as to why any of them is clearly erroneous. See HRAP Rule 28(b)(7).

[4/]     Relatedly, Roman-Peter argues that the Circuit Court erred in denying his May 2, 2022 motion for judgment of acquittal brought after the State rested, based on an alleged lack of substantial evidence to support Counts 2, 3, 5, and 6.

favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt." State v. Angei, 152 Hawaiʻi 484, 492, 526 P.3d 461, 469 (2023) (quoting State v. Jhun, 83 Hawaiʻi 472, 481, 927 P.2d 1355, 1364 (1996)). "The granting or denial of a motion for new trial is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion." State v. Williams, 149 Hawaiʻi 381, 391, 491 P.3d 592, 602 (2021).

Roman-Peter argues that because there was only one shot fired at the complainants' vehicle, his conviction on two counts (as to Zaw and Joyner separately) of attempted assault in the first degree was inconsistent with his acquittal on one count (as to Zaw and Joyner together) of attempted murder in the first degree, and therefore violated HRS § 701-109(1)(c). Relatedly, he argues that the convictions on Counts 2 and 3 were not supported by substantial evidence, requiring acquittal on Counts 2, 3, 5, and 6.

HRS § 701-109(1)(c) prohibits convicting a defendant "of more than one offense if . . . [i]nconsistent findings of fact are required to establish the commission of the offenses[.]" In order to convict Roman-Peter of attempted assault in the first degree, the State was required to prove beyond a reasonable doubt that he intentionally engaged in conduct that was a substantial step in a course of conduct intended or known to cause serious bodily injury to another person. See HRS §§ 705-500, 707-710. To convict Roman-Peter of attempted murder in the first degree, the State was required to prove beyond a reasonable doubt that he intentionally engaged in conduct that was a substantial step in a course of conduct intended or known to cause the death of "[m]ore than one person in the same or separate incident[.]" HRS §§ 705-500, 707-701.

"The key factor supporting a charge of first degree murder is the actor's state of mind." Briones v. State, 74 Haw. 442, 455, 848 P.2d 966, 973 (1993). Murder in the first degree requires a single state of mind to cause the death of more than

4

one person as part of the same plan. On the other hand, murder in the second degree requires "separate, unrelated states of mind to cause the death of each victim . . . ." Id. at 457, 848 P.2d at 974. Similar to murder in the second degree, assault in the first degree in this context requires "separate, unrelated states of mind" to cause serious bodily injury.

Here, there is no dispute that both Zaw and Joyner were riding in the same vehicle when Roman-Peter allegedly chased them at high speeds with his headlights off and fired a single bullet, which hit the trunk of their vehicle. Based on the evidence presented at trial, the jury could have reasonably concluded that Roman-Peter did not attempt, with a single state of mind, to cause the death of Zaw and Joyner together and, thus, was not guilty of attempted murder in the first degree.

Once the jury determined that Roman-Peter was not guilty of attempted murder in the first degree, the jury was required to consider Counts 2 and 3, attempted murder in the second degree (as to Zaw and Joyner separately). Based on the same evidence, the jury could have reasonably determined that Roman-Peter did not attempt to cause any death, but instead attempted to cause serious bodily injury to Zaw and Joyner. Acquitting Roman-Peter of attempted murder in the first degree and convicting him of attempted assault in the first degree did not require the application of inconsistent findings of fact.

Thus, the jury's verdicts did not violate HRS § 701-109(1)(c), and substantial evidence supported the verdicts on Counts 2, 3, 5, and 6. As to these counts, COLs 5 and 6 were not wrong, and the Circuit Court did not err in denying the Motion for Judgment of Acquittal.

(2) Roman-Peter contends that the Circuit Court erred in allowing Officer Termeteet to testify as to his observations of the truck allegedly driven by Roman-Peter after the shooting. He argues that the testimony was not relevant and, in any event, was "more prejudicial than probative."

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." Hawaiʻi Rules of Evidence (**HRE**) Rule 401. HRE Rule 404 prohibits evidence of a person's character or a trait of a person's character "for the purpose of proving action in conformity therewith on a particular occasion," but permits the use of evidence of other crimes, wrongs, or acts "where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident." The list of permissible purposes in Rule 404(b) is not intended to be exhaustive. See State v. Clark, 83 Hawaiʻi 289, 300, 926 P.2d 194, 205 (1996). In this regard, we note that "[a] defendant's activity after committing a crime in an attempt to evade detection is 'relevant circumstantial evidence of guilt.'" State v. Cordeiro, 99 Hawaiʻi 390, 412, 56 P.3d 692, 714 (2002) (quoting Mitchell v. State, 982 P.2d 717, 723 (Wyo. 1999)). HRE Rule 403 provides for the exclusion of relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Here, Officer Termeteet allegedly spotted a black Dodge Ram pickup truck, within an hour of the shooting incident and related all-points bulletin, fitting the description (including license plate number) of the truck involved in the incident, driving erratically and at high speed on the H-1 freeway eastbound. The Circuit Court allowed Officer Termeteet to testify, stating:

> I do think it's relevant with respect to it being probative versus prejudicial. I do think it is probative to the fact that [Roman-Peter] continued on the freeway, never stopping. The whole defense here is identification, if I'm not mistaken, so I think the continuation of the reckless driving is relevant, so I -- and it's more probative than prejudicial, so I will allow it.

Additionally, the Circuit Court concluded in COLs 13 and 14:

> 13. [Roman-Peter's] flight from police was closely linked

with and stemmed from the incident itself. [Roman-Peter's] flight from police occurred immediately after the incident. The circumstances surrounding [Roman-Peter's] flight from police support an inference of [Roman-Peter's] consciousness of guilt.

14. Despite the fact that neither Officer Termeteet nor Officer Saul could identify the driver of the vehicle which fled, both were able to identify the vehicle by description and license plate. The lack of identification of the driver goes to weight not admissibility.

On this record, we conclude that the Circuit Court did not err in concluding that Officer Termeteet's testimony was relevant, and did not abuse its discretion in concluding that the probative value of the testimony was not substantially outweighed by any danger of unfair prejudice. COLS 12, 13 and 14 were not wrong, and the Circuit Court did not err in allowing the challenged testimony by Officer Termeteet.

(3) Roman-Peter contends that the Circuit Court erred in instructing the jury on the included offenses of attempted assault in the first degree for Counts 2 and 3. He argues that "[t]here was no rational basis for Roman-Peter to be acquitted of attempting to kill [Zaw] and [Joyner] with a single bullet, yet to convict him of attempting to separately cause serious or substantial bodily injury to [Zaw] and [Joyner] with one bullet."

"[J]ury instructions on lesser-included offenses must be given when there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." State v. Martin, 146 Hawaiʻi 365, 387, 463 P.3d 1022, 1044 (2020) (quoting State v. Flores, 131 Hawaiʻi 43, 51, 314 P.3d 120, 128 (2013)); see HRS § 701-109(5) (2014).

Roman-Peter's argument is a repackaged variation of his first contention, discussed above. We reject Roman-Peter's argument regarding the challenged jury instructions for a similar reason. Based on the evidence presented at trial, there was a rational basis for a jury to find that Roman-Peter did not intend to cause the deaths of Zaw and Joyner, but did engage in "a substantial step in a course of conduct intended or known to cause serious bodily injury to" Zaw and Joyner. The Circuit

7

Court did not err in instructing the jury on the included offenses of attempted assault in the first degree for Counts 2 and 3. To the extent that Roman-Peter challenges COL 15 on this basis, it is not wrong.

(4) Roman-Peter contends that the Circuit Court erred in failing to instruct the jury on merger as to: (a) Counts 5 and 6, by which he was charged with Carrying or Use of Firearm in the Commission of a Separate Felony (use of a firearm), in violation of HRS § 134-21[5/]; and (b) these same counts and Count 8, by which he was charged with Place to Keep Pistol or Revolver (place to keep), in violation of HRS § 134-25.[6/] He argues that these offenses "could have been charged as continuous offenses, and the jury was required to determine whether there was 'one intention, one general impulse, and one plan[,]'" under State v.

---

[5/]     HRS § 134-21 (2011) states, in relevant part:

   (a) It shall be unlawful for a person to knowingly carry on the person or have within the person's immediate control or intentionally use or threaten to use a firearm while engaged in the commission of a separate felony, whether the firearm was loaded or not, and whether operable or not . . . .

   (b) A conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony; provided that the sentence imposed under this section may run concurrently or consecutively with the sentence for the separate felony.

[6/]     HRS § 134-25 (2011) states, in relevant part:

   (a) Except as provided in sections 134-5 and 134-9, all firearms shall be confined to the possessor's place of business, residence, or sojourn; provided that it shall be lawful to carry unloaded firearms in an enclosed container from the place of purchase to the purchaser's place of business, residence, or sojourn, or between these places upon change of place of business, residence, or sojourn, or between these places and the following:

      (1)   A place of repair;

      (2)   A target range;

      (3)   A licensed dealer's place of business;

      (4)   An organized, scheduled firearms show or exhibit;

      (5)   A place of formal hunter or firearm use training or instruction; or

      (6)   A police station.

Lavoie, 145 Hawaiʻi 409, 432, 453 P.3d 229, 252 (2019).

HRS § 701-109(1)(e) (2014) provides:

> (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
>
> . . . .
>
> (e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

In Lavoie, the supreme court explained that "only one crime is committed when '(1) there is but one intention, one general impulse, and one plan, (2) the two offenses are part and parcel of a continuing and uninterrupted course of conduct, and (3) the law does not provide that specific periods of conduct constitute separate offenses.'" 145 Hawaiʻi at 431, 453 P.3d at 251 (quoting State v. Hoey, 77 Hawaiʻi 17, 38, 881 P.2d 504, 525 (1994)). Relatedly,

> [t]he test for whether a crime can be charged as a continuous offense is whether the statute precludes charging an offense as a continuous offense, and whether the element(s) of the offense may constitute a continuous, unlawful act or series of acts, however long a time the act or acts may occur. . . .
>
> If the statute provides that distinct acts constitute separate offenses, then conduct may not be charged as a continuous offense.

Id. (citations omitted).

As to Counts 5 and 6 for use of a firearm, HRS § 134-21(b) expressly provides that "[a] conviction and sentence under this section shall be in addition to and not in lieu of any conviction and sentence for the separate felony[.]" Thus, Counts 5 and 6 cannot merge with Counts 2 and 3, the underlying counts for attempted assault in the first degree as to Zaw and Joyner, respectively. Roman-Peter makes no argument as to why Counts 5 and 6 can merge in these circumstances.

He does argue, however, that the offenses of use of a firearm, on the one hand, and place to keep (Count 8), on the other hand, could have been charged as continuous offenses and

thus required a merger instruction. The supreme court has recognized that the offenses of possession of a prohibited firearm (felon in possession) and place to keep loaded firearms required a merger instruction where "both offenses arose out of the same elemental conduct, 'i.e., what the defendant did with the object, namely, possessed it.'" Lavoie, 145 Hawaiʻi at 432, 453 P.3d at 252 (brackets and some internal quotation marks omitted) (quoting State v. Frisbee, 114 Hawaiʻi 76, 83, 156 P.3d 1182, 1189 (2007)).

Here, the offenses at issue – use of a firearm and place to keep – did not arise out of the same elemental conduct. While the place to keep offense arose out of Roman-Peter's possession of a firearm, the use of a firearm offenses arose out of different, more serious conduct, namely his carrying or using the firearm in committing the attempted assaults. Cf. Martin, 146 Hawaiʻi at 370, 388-91, 463 P.3d at 1027, 1045-48 (recognizing that the defendant was convicted of use of a firearm in the commission of a separate felony, but noticing plain error only as to the lack of a merger instruction on the defendant's firearms convictions involving possession). Accordingly, the Circuit Court did not err in not instructing the jury on merger as to the use of a firearm and place to keep offenses. COL 16 was not wrong.

(5) Roman-Peter contends that the Circuit Court erred in denying his motion to strike part of the DPA's closing argument regarding the attempt offenses. During closing argument, the DPA stated:

> [W]henever anything's charged as an attempt, there's specific language in the jury instruction, where the Court tells you that the State has to prove that the defendant took a -- engaged in a -- let me get the wording right. . . .
>
> . . . So that the conduct that he engaged in was a substantial step in a course of conduct intended to cause death, either the death of [Zaw] and [Joyner] in Count 1, or just [Zaw] and [Joyner] separately in Count[s] 2 and 3. Substantial step in a course of conduct. So that's what's kind of important.
>
> It doesn't mean that he actually killed them, or this would not be an attempt; right? He didn't succeed. It's a substantial step in a course of conduct. So this is the

> pattern of conduct. And the substantial step is when he fired the gun at them. It doesn't require that we make him fire multiple shots or that we wait until he's fired ten shots at them. Just this first shot alone is the substantial step.
>
> And [Zaw] told you how, after he heard that gunshot and [Joyner's] like, he has a gun, he took off. He didn't give the defendant a chance to shoot at them again, because the defendant couldn't catch them again. He took off, and he was going 120 miles per hour, at least. That is what Officer Saul told you. He wasn't going to give him another chance. The substantial step, though, in this course of conduct, that was that gunshot.

Roman-Peter appears to contend that the final paragraph quoted above "was improper as it asked the jury to base its verdict on suspicion or mere speculation" as to what Roman-Peter would have done if Zaw had not accelerated away from Roman-Peter's vehicle.

We disagree. "[D]uring closing argument, a prosecutor is 'permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence.'" State v. McGhee, 140 Hawaiʻi 113, 119, 398 P.3d 702, 708 (2017) (quoting State v. Nofoa, 135 Hawaiʻi 220, 228, 349 P.3d 327, 335 (2015)); see State v. Willis, 156 Hawaiʻi 195, 204, 572 P.3d 668, 677 (2025) ("[I]t is well-established that prosecutors are afforded wide latitude in closing to discuss the evidence, and may 'state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence.'" (quoting State v. Udo, 145 Hawaiʻi 519, 536, 454 P.3d 460, 477 (2019))). "An inference is reasonable when 'the evidence bears a logical and proximate connection to the point the prosecutor wishes to prove.'" Willis, 156 Hawaiʻi at 204, 572 P.3d at 677 (quoting State v. Basham, 132 Hawaiʻi 97, 112, 319 P.3d 1105, 1120 (2014)).

Here, the challenged statements by the DPA were based on reasonable inferences from, and were consistent with, the evidence presented at trial. Indeed, the DPA referenced the supporting testimony of Zaw, Joyner, and Officer Saul. The DPA reasonably connected this testimony to the "substantial step" element of the attempt offenses. The challenged statements did not amount to prosecutorial misconduct, and the Circuit Court did not err in denying the motion to strike.

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

For the reasons discussed above, the Judgment of Conviction and Sentence entered on December 15, 2023, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 29, 2025.


On the briefs:

Randall K. Hironaka              /s/ Clyde J. Wadsworth
(Miyoshi & Hironaka, LLLC)       Presiding Judge
for Defendant-Appellant.

Brian R. Vincent,                /s/ Sonja M.P. McCullen
Deputy Prosecuting Attorney,     Associate Judge
City & County of Honolulu,
for Plaintiff-Appellee.

                                 /s/ Kimberly T. Guidry
                                 Associate Judge